MYRA J. BALDWIN, as Administratrix, etc., of CARLOS P. BALDWIN, Deceased, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, November 19, 1926.

**Street railways — action for injuries suffered in head-on collision between automobile driven by plaintiff's intestate and one of defendant's street cars — accident happened at night — recovery by plaintiff, based on presence of red light on front end of defendant's car — evidence does not show that light on front of car was red — verdict was contrary to weight of evidence.**

In an action to recover damages for the death of plaintiff's intestate, who was killed in a head-on collision between an automobile, driven by him, and one of defendant's street cars, the verdict of the jury in favor of the plaintiff was contrary to the evidence, where it appears that the accident happened at night and in the middle of a block on a street on which there was a single track, and that recovery was predicable solely upon the presence of a red headlight on

the front of defendant's car, for there was not a preponderance of evidence to the effect that the headlight showed red as the defendant's car approached the automobile.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 12th day of January, 1926, upon the verdict of a jury for $7,843.50, and also from an order entered in said clerk's office on the 28th day of April, 1926, denying defendant's motion for a new trial made upon the minutes.

*Cohn, Chormann & Franchot* [*Clarence R. Runals* of counsel], for the appellant.

*Ward, Flynn, Spring & Tillou* [*Dana L. Spring* and *Harold J. Tillou* of counsel], for the respondent.

PER CURIAM. The accident here in question was a head-on collision between an automobile driven by plaintiff's intestate and one of defendant's street cars. The accident happened at night in the middle of a block on a street where defendant had a single track upon which it operated cars in both directions.

Under the evidence and the charge of the court, recovery was predicable solely upon the presence of a red-lighted headlight upon the front end of defendant's car as it approached the automobile. The proof of the presence of such a light rests entirely on the testimony of one witness who gave evidence that when the car passed him at an intersecting street, at least 150 feet distant from the place of collision, the headlight on the car was red. In view of the testimony that the car was in proper operating condition, that a red light could only be shown as a headlight when the motorman turned the so-called reverse lever into " neutral " position, in which case power could not be transmitted to the wheels to propel the car in either direction, and that no condition occurred which would reasonably influence the motorman to move the reverse lever into neutral position while operating the car on this trip, we are of the opinion that the finding of the jury as to the color of the headlight was contrary to the weight of evidence.

The judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide event.